UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DARCI FERNANDEZ PENALOZA**, on behalf of herself and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**KIMBERLY HOTEL INC.,**<br><br>Defendant. | Civil Action No.: _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Darci Fernandez Penaloza, on behalf of herself and those similarly situated, complaining of defendant Kimberly Hotel, Inc. ("Defendant" or "The Kimberly Hotel") brings this action for damages and other equitable relief for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), the New York State Human Rights Law, N.Y. Exec. L. §§ 296 *et seq.* ("NYSHRL") and the New York City Human Rights Law, N.Y. Admin. Code § 8-101 *et seq.* ("NYCHRL"), and hereby alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff Darci Fernandez Penaloza ("Plaintiff" or "Ms. Fernandez"), age 64, was employed as a housekeeper at The Kimberly Hotel for approximately 25 years until her termination on February 9, 2021.

2. The Kimberly Hotel cited the COVID-19 pandemic and the resultant travel restrictions and lower hotel occupancy levels as the reason for Ms. Fernandez's termination.

3. Upon information and belief, The Kimberly Hotel terminated approximately 30 to 40 other employees on the same grounds (i.e., citing restrictions and lower hotel occupancy levels) since October 2020.

4. Each of the terminated employees had similar positions to Ms. Fernandez (i.e., housekeepers, porters, doormen, etc.), most had significant experience working at The Kimberly Hotel, and the majority were over 40 years of age (i.e., those similarly situated).

5. Admittedly, the COVID-19 pandemic forced The Kimberly Hotel to close its doors for part of 2020 and 2021, but as travel restrictions began to lessen, The Kimberly Hotel was able to reopen for business in March 2021.

6. Ms. Fernandez and the other terminated employees were not called back to work when The Kimberly Hotel reopened in March 2021.

7. Instead, The Kimberly Hotel began hiring younger, presumably lower paid employees to fill the positions vacated as a result of Ms. Fernandez's and other employees' terminations – or in the alleged words of The Kimberly Hotel Vice President and General Manager, Mujo Perezic, The Kimberly Hotel "cleaned house."

8. As a result of the aforesaid conduct and the allegations set forth herein, Plaintiff, on behalf of herself and those similarly situated, brings this action against Defendant for age discrimination in violation of the ADEA, NYSHRL and NYCHRL.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the ADEA. This Court has supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims pursuant to 28 U.S.C. § 1367, as they are related to the claims in this action within the Court's original jurisdiction such that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391 in that Defendant operates and conducts business in the county where the Court is located and the conduct alleged herein occurred in the county where the Court is located.

## THE PARTIES

11. Plaintiff Darci Fernandez Penaloza is a 64-year-old female who currently resides in Ridgewood, New York. Ms. Fernandez worked as a housekeeper at The Kimberly Hotel for approximately 25 years until her termination on February 9, 2021.

12. Defendant Kimberly Hotel, Inc. is a New York corporation with its registered agent located at 18 East 50th Street, 10th Floor, New York, New York 10022.

13. Defendant Kimberly Hotel, Inc. owns and operates a boutique hotel located at 145 East 50th Street, New York, New York 10022.

## SUBSTANTIVE ALLEGATIONS

14. Ms. Fernandez, age 64, began working as a housekeeper at The Kimberly Hotel, located at 145 East 50th Street, New York, New York, approximately 25 years ago.

15. At all relevant times herein, Ms. Fernandez was qualified to perform the duties of her position as a housekeeper at The Kimberly Hotel.

16. On March 20, 2020, Ms. Fernandez received a letter from The Kimberly Hotel's Vice President and General Manager, Mujo Perezic ("Mr. Perezic"), informing her that she was being laid off from her position at The Kimberly Hotel.

17. On April 7, 2020, Ms. Fernandez received another letter from Mr. Perezic (the "April 7 Letter"), this time informing her that her layoff was due to "unforeseen business circumstances prompted by the COVID-19 pandemic."

18. The April 7 Letter further informed Ms. Fernandez that her layoff was "expected

to be temporary," but that the duration was impossible to predict. Ms. Fernandez was also informed that the hotel would "close temporarily."

19. Upon information and belief, The Kimberly Hotel re-opened for business on or about September 20, 2020. Ms. Fernandez was not recalled to work at this time.

20. On November 10, 2020, Ms. Fernandez received a third letter from Mr. Perezic (the "November 10 Letter").

21. The November 10 letter informed Ms. Fernandez that she would "not be recalled" and that her "employment will terminate effective February 9, 2021."

22. The November 10 letter cited travel restrictions and lower hotel occupancy levels as the reason for her termination.

23. Upon information and belief, The Kimberly Hotel terminated approximately 30 to 40 similarly situated employees on the same grounds (i.e., citing travel restrictions and lower occupancy levels) since October 2020.

24. Each of the terminated employees had similar positions to Ms. Fernandez (i.e., housekeepers, porters, doormen, etc.), most had significant experience working at The Kimberly Hotel, and the majority were over 40 years of age.

25. The Kimberly Hotel subsequently announced that it would be closing from December 13, 2020, until February 28, 2021, due to the escalation in the number of COVID-19 cases and the concern for guest safety.

26. The Kimberly Hotel reopened for business on March 1, 2021, and has remained open since that time.

27. The Kimberly Hotel did not recall Ms. Fernandez back to work when it reopened on March 1, 2021, nor has it recalled Ms. Fernandez to return to work or otherwise offered her employment since that time.

28. Notwithstanding the reasons cited for Ms. Fernandez's termination in the November 10 letter, upon information and belief, once hotel occupancy rates began to rebound, The Kimberly Hotel hired younger workers to fill Ms. Fernandez's prior position, as well as the positions of those similarly situated, thereby discriminating against Ms. Fernandez and the other similarly situated employees on the basis of age.

29. Mr. Perezic is even alleged to have stated that he was "cleaning house," presumably referring to the mass termination of older employees at The Kimberly Hotel.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings the First Cause of Action, an ADEA claim, as a collective action pursuant to 29 U.S.C. § 216(b), individually and on behalf of a class of persons consisting of:

> All employees of The Kimberly Hotel forty (40) years of age and older who were involuntarily terminated from their positions at The Kimberly Hotel from October 28, 2020 to the present (the "Class Period") as a purported result of lower hotel occupancy rates due to COVID-19, and who subsequently had their vacated positions filled by younger persons (hereinafter the "ADEA Collective Class").

31. Plaintiff and other members of the ADEA Collective Class are similarly situated in as much as they held comparable positions at The Kimberly Hotel (i.e., maids, porters, doormen, etc.) and were subject to discrimination in violation of the ADEA based upon The Kimberly Hotel terminating their employment as a purported result of lower occupancy rates, and then subsequently hiring younger persons to fill their vacated positions once hotel occupancy rates rebounded.

32.     Defendant's conduct, as alleged herein, has been willful and has caused significant damage to Plaintiff and the similarly situated employees forty (40) years of age and older.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff brings the Second and Third Causes of Action, NYSHRL and NYCHRL claims, under Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of a class of persons consisting of:

> All employees of The Kimberly Hotel eighteen (18) years of age and older who were involuntarily terminated from their positions at The Kimberly Hotel from October 28, 2020 to the present (the "Class Period") as a purported result of lower hotel occupancy rates due to COVID-19, and who subsequently had their vacated positions filled by younger persons (hereinafter the "Rule 23 Class").

34.     Excluded from the Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time has had, a controlling interest in Defendant; the Judge to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

35.     Upon information and belief, the individuals in the Rule 23 Class are so numerous that joinder of all members of the class is impracticable.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

36.     By engaging in the practices alleged herein, Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory and monetary relief with respect to the Rule 23 Class as a whole.

37.     Common questions of law and fact exist as to the Rule 23 Class that predominate

over any questions only affecting them individually and include, but are not limited to, the following:

    i. whether Defendant discriminated against Plaintiff and the other members of the Rule 23 Class in the terms and conditions of their employment on the basis of their age;

    ii. whether age was a factor in Defendant's decision to terminate the employment of Plaintiff and the other members of the Rule 23 Class;

    iii. whether age was a factor in Defendant's decision to hire younger employees to fill the positions left vacant as a result of Defendant terminating the employment of Plaintiff and the other members of the Rule 23 Class;

    iv. whether Plaintiff and the other members of the Rule 23 Class were injured by Defendant's conduct and, if so, the appropriate Class-wide measure of damages; and

    v. whether Plaintiff and other members of the Rule 23 Class are entitled to, among other things, injunctive relief, and, if so, the nature and extent of such relief.

38. The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent in that Plaintiff and all of the Rule 23 Class sustained similar damages as a result of Defendant's unlawful conduct as described herein.

39. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. The interests of Plaintiff are aligned with those of the Rule 23 Class, and Plaintiff has no conflict of interests with members of the Rule 23 Class. Plaintiff understands that as a class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff also recognizes that as class representative,

she must represent and consider the interests of the class just as she would represent and consider her own interests. In addition, Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.

40. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

41. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the NYSHRL and NYCHRL. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendant's unlawful conduct and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's conduct.

42. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## EEOC AUTHORIZATION TO FILE

43. On June 9, 2021, Ms. Fernandez, by her undersigned counsel, filed a charge of age discrimination against The Kimberly Hotel with the U.S. Equal Employment Opportunity Commission ("EEOC").

44. On June 22, 2021, the EEOC issued Plaintiff a Notice of Dismissal and Right to Sue.

45. Plaintiff brings this Complaint within 90 days of the receipt of the EEOC's Notice of Dismissal and Right to Sue.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE ADEA

46. Plaintiff, on behalf of herself and the ADEA Collective Class, repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

47. This Count is brought on behalf of the named Plaintiff and the ADEA Collective Class members, all of whom were 40 years of age or older at the time they were terminated by Defendant.

48. In violation of the ADEA, Defendant discriminated against Plaintiff and the ADEA Collective Class by subjecting them to different treatment on the basis of their age.

49. Specifically, Defendant discriminated against Plaintiff and the ADEA Collective Class by terminating their employment as a purported result of lower hotel occupancy rates stemming from COVID-19, only to subsequently fill their vacated positions with younger employees once hotel occupancy rates rebounded.

50. Defendant did not recall Plaintiff and members of the ADEA Collective Class back to work once hotel occupancy rates rebounded because of their age.

51. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff and the ADEA Collective Class, Plaintiff and the members of the ADEA Collective Class have suffered and continue to suffer substantial losses, including the loss of past and future earnings, the loss of employment benefits, and other incidental and consequential damages and expenses.

52. As a result of Defendant's intentional and willful violations of the ADEA, Plaintiff and the ADEA Collective Class are entitled to equitable and injunctive relief and an award of

compensatory and liquidated damages, including attorney's fees, in an amount to be determined at trial.

## COUNT II
## VIOLATION OF THE NYSHRL – AGE DISCRIMINATION

53. Plaintiff, on behalf of herself and the Rule 23 Class, repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

54. This Count is brought on behalf of the named Plaintiff and the Rule 23 Class members, all of whom were 18 years of age or older at the time they were terminated by Defendant.

55. By its actions, Defendant treated Plaintiff and the other Rule 23 Class members differently from other employees on account of their age and discriminated against them in compensation, terms, conditions and privileges of employment in violation of the NYSHRL.

56. In violation of the NYSHRL, Defendant discriminated against Plaintiff and the Rule 23 Class by subjecting them to different treatment on the basis of their age.

57. Specifically, Defendant discriminated against Plaintiff and the Rule 23 Class by terminating their employment as a purported result of lower hotel occupancy rates stemming from COVID-19, only to subsequently fill their vacated positions with younger employees once hotel occupancy rates rebounded.

58. Defendant did not recall Plaintiff and members of the Rule 23 Class back to work once hotel occupancy rates rebounded because of their age.

59. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff and the class, Plaintiff and the members of the Rule 23 Class have suffered and continue to suffer substantial losses, including the loss of past and future earnings, the loss of employment benefits, emotional and psychological distress, and other incidental and consequential damages and expenses.

60. The conduct of Defendant was done in conscious disregard of Plaintiff's and the other Rule 23 Class members' rights. Therefore, Plaintiff and the other members of the Rule 23 Class are entitled to equitable and injunctive relief and an award of compensatory and punitive damages, including attorney's fees, in an amount to be determined at trial.

## COUNT III
## VIOLATION OF THE NYCHRL – AGE DISCRIMINATION

61. Plaintiff, on behalf of herself and the Rule 23 Class, repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

62. This Count is brought on behalf of the named Plaintiff and the Rule 23 Class members, all of whom were 18 years of age or older at the time they were terminated by Defendant.

63. By its actions, Defendant treated Plaintiff and the other Rule 23 Class members differently from other employees on account of their age and discriminated against them in compensation, terms, conditions and privileges of employment in violation of the NYCHRL.

64. Specifically, Defendant discriminated against Plaintiff and the Rule 23 Class by terminating their employment as a purported result of lower hotel occupancy rates stemming from COVID-19, only to subsequently fill their vacated positions with younger employees once hotel occupancy rates rebounded.

65. Plaintiff's age and the ages of the other Rule 23 Class members were a motivating factor as to why Defendant did not recall Plaintiff or the other Rule 23 Class members back to work once hotel occupancy rates rebounded.

66. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination, Plaintiff and the other members of the Rule 23 Class have suffered and continue to suffer substantial losses, including the loss of past and future earnings, the loss of employment

benefits, emotional and psychological distress, and other incidental and consequential damages and expenses.

67. The conduct of Defendant was done in conscious disregard of Plaintiff's and the other Rule 23 Class members' rights. Therefore, Plaintiff and the other members of the Rule 23 Class are entitled to equitable and injunctive relief and an award of compensatory and punitive damages, including attorney's fees, in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests that this Court grant the following relief:

A. Permission for Plaintiff to notify other employees of The Kimberly Hotel of their right to opt-in to this collective action under the ADEA or that the Court issue such notice;

B. Issue a declaratory judgment finding that The Kimberly Hotel violated the ADEA, NYSHRL and the NYCHRL;

C. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 under Counts II and III and appoint Plaintiff Fernandez as a representative of the Rule 23 Class and appoint her counsel of record as Rule 23 Class counsel;

D. Award compensatory damages, including back pay and front pay, in an amount to be determined;

E. Reinstate Plaintiff and similarly situated employees to their prior positions;

F. Award all reasonable costs and attorney's fees incurred prosecuting this claim;

G. Award liquidated damages and punitive damages, as well as all appropriate statutory and regulatory damages;

H. Award prejudgment and post-judgment interest;

I. Issue injunctive relief in the form of an order directing The Kimberly Hotel to comply with the ADEA and applicable state law; and

J. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all of the triable issues of fact and damages stated herein.

Dated: New York, New York
August 3, 2021

Respectfully submitted,

**HACH ROSE SCHIRRIPA & CHEVERIE LLP**

By: */s/ Frank R. Schirripa*
Frank R. Schirripa
Kathryn A. Hettler
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: (212) 213-8311
Facsimile: (212) 779-0028

*Counsel for Plaintiff and Putative Classes*